JAMES P. SMITH & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. July 23, 1903.)

No. 2,805.

1. CUSTOMS DUTIES—CLASSIFICATION—FILLED BOTTLES.

Bottles are not provided for by the enumeration in paragraph 258, Schedule G, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 171 (U. S. Comp. St. 1901, p. 1650), of "anchovies * * * in bottles," or by the enactment in paragraph 276, Schedule G, § 1, c. 11, of said act, 30 Stat. 172 (U. S. Comp. St. 1901, p. 1652), that "the dutiable weight of * * * fluid extract of meat shall not include the weight of the package in which the same is imported," but, when imported filled with articles dutiable under said provisions, are separately subject to the duty provided in paragraph 99, Schedule B, § 1, c. 11, of said act, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), for "glass bottles filled, not otherwise specially provided for."

Appeal by James P. Smith & Co., importers, from a decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs on certain merchandise imported at the port of New York.

The articles in controversy consist of glass bottles, filled with anchovies and fluid extract of meat, which are enumerated, respectively, in paragraphs 258, 276, Schedule G, § 1, c. 11, Tariff Act July 24, 1897, 30 Stat. 151, 172 (U. S. Comp. St. 1901, pp. 1650, 1652), under which paragraphs the articles were classified by the collector. The bottles were separately assessed under paragraph 99, Schedule B, § 1, c. 11, of said act, 30 Stat. 156 (U. S. Comp. St. 1901, p. 1633), which relates to "glass bottles, * * * filled or unfilled, not otherwise specially provided for, and whether their contents be dutiable or free." The importers contend that because said paragraph 258 provides

for anchovies "in bottles," and said paragraph 276 provides that "the dutiable weight * * * of the fluid extract of meat shall not include the weight of the package in which the same is imported," these references to the containers of the merchandise constitute special provisions for the bottles, whereby they are removed from the operation of paragraph 99. The board overruled this contention in a brief opinion. The reasons for this action appear more fully from the board's opinion in another case on an analogous question (In re Acker, G. A. 4985), which reads as follows:

"SOMERVILLE, General Appraiser. The merchandise in question consists of glass bottles containing olive oil. Duty was assessed under the tariff act of 1897, as follows: (1) On the bottles at the rate of 40 per cent. ad valorem under paragraph 99, the pertinent part of which reads: 'Bottles, * * * filled or unfilled, not otherwise specially provided for, and whether their contents be dutiable or free: * * * provided, that none of the above articles shall pay a less rate of duty than forty per centum ad valorem.' (2) On the oil in the bottles at the rate of 50 cents per gallon, under the provision in paragraph 40, Schedule A, § 1, c. 11, 30 Stat. 153 [U. S. Comp. St. 1901, p. 1629], for 'olive oil * * * in bottles, jars, tins, or similar packages.' The claim of the protestants is that no duty should have been paid on the bottles, on the theory that the assessment of 50 cents per gallon on the oil 'in bottles' covered all the duty intended to be imposed on the oil and the bottles; in other words, that said paragraph 40 constitutes a special provision for the bottles, thereby removing them from the application of paragraph 99, which, as will be noticed, is limited to bottles 'not otherwise specially provided for.' In the opinion of the board this contention is unsound. A similar question was decided adversely to the importers by the Supreme Court in the case of Schmidt v. Badger, 107 U. S. 85, 1 Sup. Ct. 530, 27 L. Ed. 328. The merchandise in that case consisted of ale and beer in bottles, assessed for duty under a provision for 'ale, porter, and beer in bottles,' a separate duty being collected on the bottles under a provision for 'glass bottles or jars filled with articles not otherwise provided for.' The provisions quoted appeared, respectively, in Schedules A, B, and G of section 2504 of the Revised Statutes. The court, in overruling the contention of the importers that the separate duty should not have been collected on the bottles, said (per Blatchford, J.): 'By section 2, c. 36, of the act of February 8, 1875 (18 Stat. 307), it is expressly enacted that no separate or additional duty shall be collected on the bottles in which still wines are imported. The additional duty on bottles in which other articles than still wines are imported is left undisturbed. It is manifest, we think, in view of the course of legislation by Congress, that an enactment that the duty on ale, porter, and beer in bottles shall be so much per gallon cannot be regarded as an enactment that there shall be no additional duty on the bottles, when there is another provision of law which imposes an ad valorem duty on bottles, not otherwise provided for, filled with articles.' The Circuit Court of Appeals for the Second Circuit, in the case of United States v. De Luze, 95 Fed. 971, 37 C. C. A. 344, held that bottles of a capacity of more than one pint, and containing champagne, which was assessed for duty under paragraph 243, Schedule H, § 1, c. 349, of the tariff act of August 27, 1894 (28 Stat. 525), which provided for 'champagne * * * in bottles, containing each not more than one quart, and more than one pint,' were subject to a separate duty under the provision in paragraph 88 of said act for 'bottles, holding more than one pint, * * * whether filled or unfilled, and whether their contents be dutiable or free, * * * not specially provided for.' A like conclusion was reached by the board, on precisely the same question, in the case of In re Pierce, G. A. 2896. It appears by reference to the present act that among the provisions for merchandise 'in bottles' there are, besides said paragraph 40, paragraphs 241, 258, 264, 295, 296, 297, 300, and 301. In the five paragraphs last enumerated it is specifically stated that no additional or separate duty shall be assessed on the bottles. The absence of a like provision in the other paragraphs (including paragraph 40, now in question) indicates that where Congress intended that bottles should be excluded from the provision for filled bottles in paragraph 99 the intent has been plainly expressed, and the inference is

that where no such exception is made it was the legislative intention that the bottles should be dutiable under paragraph 99. Following the decisions cited, we hold that the bottles in question are not covered by paragraph 40, but are dutiable under paragraph 99, as assessed by the collector. The protest is accordingly overruled, the decision of the collector being affirmed."

F. W. Brooks, for importers.
C. D. Baker, Asst. U. S. Atty.

HAZEL, District Judge. The bottles are dutiable under paragraph 99, Schedule B, § 1, c. 11, of the tariff act of July 24, 1897, 30 Stat. 156 [U. S. Comp. St. 1901, p. 1633], as the duty in each case upon the contents, under paragraphs 258, 276, Schedule G, § 1, c. 11, 30 Stat. 151, 172 [U. S. Comp. St. 1901, pp. 1650, 1652], is specific. The cases, therefore, to which attention is called (Kauffmann Bros. v. U. S. [C. C.] 99 Fed. 430, and In re Johnson [C. C.] 56 Fed. 822) do not apply.